*L. M. Hazelip, for appellants.*

[Cited in *Slusher v. Slusher,* 31 Ky. L. 575.]

---

C. H. CUNNINGHAM, ET AL. *v.* RICHARD WATHEN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—443.]

**Construction of Will.**

> Where a testator devises an estate to his children and provides that "In case either of my daughters, Euphenia R. or Hettie C. Cunningham, should die without children, then and in that event it is my 'will, and I so direct that the estate of the one dying shall be equally divided among all my other living children," such estate so vested is an absolute one and the phrase "should die without children" refers to the time of the distribution of the estate which is to be on the arrival of the devisee at the age of twenty-one years.

APPEAL FROM HARDIN CIRCUIT COURT.

December 11, 1884.

OPINION BY JUDGE HINES:

This action was brought for the construction of the will of A. H. Cunningham, in order to determine what interest his daughter, Hettie C. Cunningham, now Wathen, took under the will.

The clauses of the will bearing upon this inquiry are:

5. "I will and bequeath to my daughter, Hettie C. Cunningham, ten thousand dollars, to make her equal with my daughter, Lizzie

Curd, she to account out of said sum for any advancements made by me to her after she becomes twenty-one years of age."

8. "The residue of my estate, real and mixed, I will and devise to my five children to be equally divided among them, to wit: Lizzie, Curd, Hettie C. Cunningham, Euphenia R. Cunningham, Sallie Cunningham and Malvina H. Cunningham."

10. "In case either of my daughters, Euphenia R. or Hettie C. Cunningham should die without children, then and in that event it is my will, and I so direct, that the estate of the one dying shall be equally divided among all my other living children."

12. "I hereby appoint George L. Miles as trustee and guardian for my daughter, Hettie C. Cunningham, and authorize and empower him to receive from and receipt for any money or estate that may be coming to my said daughter, Hettie, under and by virtue of this will, to loan the same, to collect the interest and use the same in the support and maintenance of my said daughter, and if there be any surplus to re-invest the same."

The record shows that the devisee, Hettie C. Cunningham, has married appellee Wathen, that they have a child of the marriage now living, and that Mrs. Wathen is over twenty-one years of age. It also shows that the present trustee is the husband of Hettie C. Cunningham, and the petition prays as indicated that Mrs. Wathen be declared the absolute owner of the interest devised and that the trust be discharged.

The court below held in accord with the prayer of the petition, and we think correctly.

The fifth and eighth clauses of the will vest in Hettie C. Cunningham (now Wathen) an absolute estate, and the provision in the tenth clause "should die without children" manifestly refers to the time of the distribution of the estate which is to be on the arrival of the devisee at the age of twenty-one. The twelfth clause nominating a "trustee and guardian" does not change the character of the estate devised. The word "trustee" is used as synonymous with "guardian." To give it any other meaning would be to change, by implication, an unqualified estate to a lesser. The intention of the testator appears so clear from the language used throughout the will that there is no room for the application of rules of construction.

Judgment *affirmed*.

*S. H. Bush, W. Lindsay,* for appellants.
*Lewis & Fairleigh,* for appellees.